**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

ORACIO ORNELAS,

      Plaintiff,

v.                                     No. 19-cv-512 KWR-SCY

JAY ALANIZ, *et al,*

      Defendants.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's *Pro Se* Civil Rights Complaint (Doc. 1). Plaintiff is incarcerated and proceeding *in forma pauperis*. He alleges prison officials violated the Eighth Amendment by delaying care for his detached retina. Having reviewed the matter *sua sponte* under 28 U.S.C. § 1915(e), the Court will dismiss the Complaint but grant leave to amend.

**BACKGROUND**[1]

Plaintiff was previously incarcerated at the Curry County Detention Center (CCDC). On November 17, 2018, he slipped in his cell and injured his shoulder and head. (Doc. 1 at 2). CCDC guards took Plaintiff to the hospital, where he was treated for a broken collar bone. *Id.* A few days later, Plaintiff noticed flecks in his right eye and experienced blurred vision. *Id.* He believed his retina was detached, based on a prior retinal detachment. *Id.* Plaintiff sought help from several nurses, who instructed him to submit a medical request. *Id.* An unidentified nurse initially looked at the eye in the medical unit but took no action. *Id.* After Plaintiff's third medical request, he

---

[1] The background facts are taken from Plaintiff's Complaint (Doc. 1). For the limited purpose of this ruling, the Court assumes Plaintiff's allegations are true.

finally saw a medical provider.  *Id.*  The unidentified provider stated there was nothing he could do because CCDC did not pay for vision coverage.  *Id.*

Plaintiff's vision continued to decline over the next three months.  On February 13, 2019, Plaintiff submitted a written request to Mrs. Hack to be "see[n] for [his] eye."  (Doc. 1 at 2, 8).  Mrs. Hack denied the request, stating CCDC does "not cover eye exams" unless an inmate has insurance.  *Id.*  At some point during the next two months, Nurse Jeff helped Plaintiff see a doctor, who scheduled a surgical appointment.  *Id.*  CCDC transport officers missed that appointment, and Plaintiff's surgery was rescheduled for April 30, 2019.  *Id.*  The surgery took place on that date, but Plaintiff is still unable to see out of his right eye.  *Id.*  Plaintiff contends the five-month delay in medical care caused his vision loss.  *Id.* at 3.

Construed liberally, the Complaint raises claims for deliberate indifference to medical needs in violation of 42 U.S.C. § 1983 and medical negligence.  Plaintiff seeks at least $500,000 in damages from four Defendants: (1) CCDC; (2) CCDC Warden Jay Alaniz; (3) Nurse Jeff; and (4) CCCS, an entity providing medical services for CCDC.  (Doc. 1 at 1).  The body of the Complaint also appears to raise claims against Mrs. Hack.  Plaintiff obtained leave to proceed *in forma pauperis*, and the matter is ready for initial review.

## STANDARDS GOVERNING *SUA SPONTE* REVIEW

Section 1915(e) of Title 28 requires the Court to screen *in forma pauperis* complaints and dismiss any claims that are frivolous, malicious, or fail to state a claim on which relief may be granted.  28 U.S.C. § 1915(e).  The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

2

inference that the defendant is liable for the misconduct alleged." *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellman,* 935 F.2d 1106, 1110 (10th Cir. 1991). While *pro se* pleadings are judged by the same legal standards that apply to represented litigants, the Court should overlook the "failure to cite proper legal authority, … confusion of various legal theories, … poor syntax and sentence construction, or … unfamiliarity with pleading requirements." *Id.* Further, *pro se* plaintiffs should ordinarily be given the opportunity to cure defects in the original complaint, unless amendment would be futile. *Id.* at 1109.

## ANALYSIS

Plaintiff's federal claims must be analyzed under 42 U.S.C. § 1983, the "remedial vehicle for raising claims based on the violation of [federal] constitutional rights." *Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016). "A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). The plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution. *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the constitutional violation. *See Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask,* 446 F.3d at 1046.

Plaintiff alleges prison officials violated the Eighth Amendment's prohibition on "deliberate indifference to a substantial risk of serious harm." *Farmer v. Brennan,* 511 U.S. 825, 828 (1994). The deliberate indifference test requires plaintiffs to "satisfy an objective prong and a subjective prong." *McCowan v. Morales*, 945 F.3d 1276, 1291 (10th Cir. 2019) (quotations

omitted).  The objective prong requires a substantially serious harm such as a "lifelong handicap, permanent loss, or considerable pain."  *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001) (quotations omitted).   If the claim arises from a delay, rather than an outright denial of medical care, the plaintiff must "show that the delay resulted in substantial harm."  *Sealock v. Colorado*, 218 F.3d 1205, 1210 (10th Cir. 2000).  The subjective component is met where "the official was subjectively aware of the risk,' . . . and [then] 'recklessly disregards risk.'"  *Wilson v. Falk*, 877 F.3d 1204, 1209 (10th Cir. 2017) (quotations omitted).  Said differently, the defendant must be "both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Farmer*, 511 U.S. at 837 (1994).

The factual scenario Plaintiff describes - where he suffered permanent vision loss after prison officials delayed care for his detached retina - satisfies the objective component of the deliberate indifference test.  The Complaint also alleges sufficient facts to show the vision loss is traceable to the five-month delay.  Plaintiff notes he did not suffer vision loss after his last retinal detachment, where he had surgery two days after symptoms appeared.  (Doc. 1 at 3).

As to the subjective component, however, Plaintiff has not shown the individuals involved with the eye issue (Nurse Jeff and Mrs. Hack) were aware of the risk of harm.  The only concrete factual allegation about Nurse Jeff is that sometime between February and April of 2019, Nurse Jeff "stepped in and helped [Plaintiff]," and Plaintiff "finally got … set up to see a [doctor]."  (Doc. 1 at 2).  The Complaint does not allege Nurse Jeff turned Plaintiff away from the medical unit or failed to refer him to a provider before that time.  Although Mrs. Hack presents a closer call, the Complaint also fails to specify she was subjectively aware that Plaintiff could lose his vision.  Plaintiff's written request to Mrs. Hack only states that he "need[s] to be see[n] for [his] eye … before it's too late, if it's not already."  (Doc. 1 at 8).   The request does not refer to his detached

4

retina, and Mrs. Hack's response suggests she believed Plaintiff wanted to see an optometrist, rather than an ophthalmologist (a medical doctor who performs eye surgery). Mrs. Hack's response states: "we do not cover eye exams. You must have insurance. … Payment must be received by the optometrist prior to us scheduling an appointment." (Doc. 1 at 8). The Complaint therefore fails to state a federal claim against Defendants Nurse Jeff or Mrs. Hack.

The claims against Warden Alaniz and entity Defendants (CCDC and CCCS) also fail to survive initial review. As a detention center, CCDC is not a 'person' subject to suit under § 1983. *See McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000); *Blackburn v. Department of Corrections*, 172 F.3d 62 (10th Cir. Feb. 25, 1999) (unpublished). Wardens and prison healthcare entities such as CCCS can be "persons" subject to suit under § 1983, but they cannot face liability solely because they oversee a tortfeasor. *Dubbs v. Head Start, Inc*., 336 F.3d 1194, 1216 (10th Cir. 2003). To be liable under § 1983, the warden or private entity must have "had an 'official ... policy of some nature ... that was the direct cause or moving force behind the constitutional violations." *Id.* (addressing entities); *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010) (applying the same rule to defendant-supervisors). Plaintiff alleges the refusal to provide vision coverage caused the constitutional violation. However, it does not appear that Warden Alaniz enacted the policy, and it is unclear whether the policy is traceable to CCCS (the medical provider) or CCDC (the jail). *Compare* Doc. 1 at 2 (alleging the "jail didn't pay for vision"), *with* Doc. 1 at 3 (noting the nurses "said there was nothing they could do, that it was CCSC policy"). The Court therefore finds the Complaint fails to state a claim against Alaniz, CCCS, or CCDC.

For these reasons, the Court will dismiss the Complaint without prejudice, but grant leave to amend. *See Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990) ("[I]f it is at all

possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend.").   Plaintiff may file an amended complaint within thirty (30) days of entry of this Order.  The amended complaint must "make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249–50 (10th Cir. 2008).  If "various officials have taken different actions with respect" to Plaintiff, a "passive-voice [statement] showing that his rights 'were violated' will not suffice." *Pahls v. Thomas*, 718 F.3d 1210, 1225-26 (10th Cir. 2013).   Moreover, if Plaintiff wishes to name an entity of supervisor, the amended complaint must also contain more information about the alleged policy regarding vision coverage.

If Plaintiff declines to timely file an amended complaint or files an amended complaint that similarly fails to state a cognizable claim, the Court will dismiss the case without further notice.

**IT IS ORDERED** that Plaintiff's Civil Rights Complaint (**Doc. 1**) is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e); and Plaintiff may file an amended complaint within thirty (30) days of entry of this order.

**IT IS FURTHER ORDERED** that the Clerk's Office shall **MAIL** Plaintiff a form 42 U.S.C. § 1983 complaint.

KEA W. RIGGS
UNITED STATES DISTRICT JUDGE