IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ORACIO ORNELAS,

    Plaintiff,

v.                                                          No. 19-cv-512-KWR-SCY

JAY ALANIZ, *et al*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court following Plaintiff Oracio Ornelas' failure to file an amended civil rights complaint as directed. Plaintiff is incarcerated and *pro se*. His original complaint alleged that prison officials failed to treat his detached retina. (Doc. 1 at 2). Plaintiff purportedly sought help from several unidentified nurses, who did not initially take action. *Id.* He finally saw an unidentified medical provider after his third request, but the provider stated the Curry County Detention Center (CCDC) does not pay for vision coverage. *Id.* After three months, Plaintiff submitted a written request to Defendant Hack to be "see[n] for [his] eye." (Doc. 1 at 2, 8). Hack denied the request, stating CCDC does "not cover eye exams" unless an inmate has insurance. *Id.* At some point during the next two months, Nurse Jeff helped Plaintiff see a doctor, who scheduled a surgical appointment. *Id.* CCDC transport officers missed that appointment, and Plaintiff's surgery was rescheduled for April 30, 2019. *Id.* The surgery took place on that date, but Plaintiff is still unable to see out of his right eye. *Id.* Plaintiff alleged the five-month delay in medical care caused his vision loss. *Id.* at 3.

The original complaint raised claims for deliberate indifference to medical needs in violation of 42 U.S.C. § 1983 and medical negligence. Plaintiff named four Defendants: (1) CCDC;

(2) CCDC Warden Jay Alaniz; (3) Nurse Jeff; and (4) CCCS, an entity providing medical services for CCDC. (Doc. 1 at 1). The Court also construed the body of the original complaint to raise claims against Hack.

By a ruling entered July 13, 2020, the Court screened the original complaint pursuant to 28 U.S.C. § 1915(e) and determined Plaintiff failed to state a federal claim for deliberate indifference to medical needs. The ruling observed that the factual scenario Plaintiff described - where he suffered permanent vision loss after prison officials delayed care for his detached retina - satisfies the objective component of the deliberate indifference test. *See Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001) (The objective prong requires a substantially serious harm such as a "lifelong handicap, permanent loss, or considerable pain"). However, the original complaint failed to show any individual "was subjectively aware of the risk" that Plaintiff could experience vision loss. *Wilson v. Falk*, 877 F.3d 1204, 1209 (10th Cir. 2017). The original complaint alleged Plaintiff asked to be "seen for [his] eye," but it was unclear whether he communicated his suspicion regarding a retinal detachment. (Doc. 1 at 8). The claims against Warden Alaniz, CCDC, and CCCS also failed. The refusal to timely treat Plaintiff's detached retina was not traceable to any specific policy by Alaniz, and the original complaint contained conflicting allegations about whether the offending vision policy was traceable to CCCS (the contract medical provider) or CCDC (the jail). *Compare* Doc. 1 at 2 (alleging the "jail didn't pay for vision"), *with* Doc. 1 at 3 (noting the nurses "said there was nothing they could do, that it was CCCS policy"). Accordingly, the Court dismissed the original complaint for failure to state a cognizable constitutional claim.

Consistent with *Hall v. Bellman,* 935 F.2d 1106, 1110 (10th Cir. 1991), Plaintiff was given thirty days to cure these defects in an amended pleading. Plaintiff was warned that if declined to

timely amend, the Court would dismiss this case without further notice. The deadline to file an amended complaint was August 13, 2020. Plaintiff did not comply. The screening ruling was returned as undeliverable, reflecting that Plaintiff severed contact with the Court. (Doc. 11). The Court will therefore dismiss this action pursuant to 28 U.S.C. § 1915(e) for failure to state a cognizable claim and failure to prosecute. Because Plaintiff did not receive the screening ruling, and the allegations reflect a serious medical impairment, the dismissal will be without prejudice. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Center*, 492 F.3d 1158, 1162 (10th Cir. 2016) (dismissal without prejudice is appropriate where the noncompliant party was merely negligent).

**IT IS ORDERED** that Plaintiff Oracio Ornelas' prisoner civil rights claims (Doc. 1) are **DISMISSED WITHOUT PREJUDICE**; and the Court will enter a separate judgment closing the civil case.

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE

3